The Honorable John C. Ward State Representative 2705 Donaghey Drive North Little Rock, AR 72116
Dear Representative Ward:
This is in response to your request for an opinion regarding the Insurance Department's ("Department") adoption of rules and regulations pertaining to the standardization and simplification of medicare supplement coverage. You have asked, specifically, whether Section 10 of the regulations, entitled "Prohibited Compensation", is within the purview and power of the Department.
The language of Section 10 of Rule and Regulation 27, as adopted by the Department to go into effect July 1, 1988, reads as follows:
 A. No entity shall provide compensation to its agents or other producers which is greater than the renewal compensation which would have been paid on an existing policy if the existing policy is replaced by another policy with the same company where the new policy benefits are substantially similar to the benefits under the old policy and the old policy was issued by the same insurer or insurer group.
While the Insurance Code [Arkansas Code of 1987 Annotated23-60-101 et seq.] makes no specific provision for the regulation of compensation of insurance agents, it may reasonably be concluded that Section 10 does fall within the purview of the Department's authority.
Section 10 operates to protect the public from the payment of excessive premiums which may arise in the context of a rollover in insurance. In this respect, Section 10 is more a mechanism through which trade practices within the industry are regulated than regulation of compensation received by agents. It should be noted in this regard that pursuant to the "Trade Practices Act" [A.C.A. 23-66-201 et seq.], the Commissioner of the Insurance Department has the authority to promulgate rules and regulations which proscribe fraudulent and deceptive practices within the insurance industry.
It is my opinion, based upon the foregoing, that Section 10 does represent a proper exercise of the Department's authority in issuing rules and regulations.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK